Michael J. Bettinger (SBN 122196)
mbettinger@sidley.com
Irene Yang (SBN 245464)
irene.yang@sidley.com
Sue Wang (SBN 286247)
sue.wang@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California  94104-1715
Telephone:   (415) 772-1200
Facsimile:    (415) 772-7400

Attorneys for Magento, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

_____ DIVISION

| | |
|---|---|
| X.COMMERCE, INC. D/B/A MAGENTO, INC., <br><br>             Plaintiff, <br><br>     vs. <br><br> EXPRESS MOBILE, INC., <br><br>             Defendant. | Case No.: <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT AND INVALIDITY** <br><br> <u>DEMAND FOR JURY TRIAL</u> |

Plaintiff X.Commerce, Inc. d/b/a Magento, Inc. ("Magento") brings this action for declaratory judgment of patent non-infringement and invalidity against defendant Express Mobile, Inc. ("Express Mobile").  Magento alleges as follows:

## NATURE OF THE ACTION

1.     This is a civil action arising under the patent laws of the United States, Title 35 of the United States Code.  Magento seeks a declaration that it does not infringe any claim of Express Mobile's U.S. Patent Nos. 6,546,397 (the '397 patent) and 7,594,168 (the '168 patent) and that those patents are invalid.

2.     Magento is pursuing this action because Express Mobile has sued thirteen of Magento's solution partners[1] to date in the United States District Court for the Eastern District of Texas, alleging that those partners infringe the '397 and '168 patents "by using a browser-based website and/or web page authoring tool in which the user-selected settings representing website elements are stored in a database, and in which said stored information is retrieved to generate said website (the 'Accused Instrumentalities')." Magento's Enterprise Edition eCommerce software is the "Accused Instrumentalit[y]" identified by name, and each of the complaints references Magento's technical documentation extensively.  Express Mobile's patent infringement lawsuits thus accuse functionality in Magento's products and create a justiciable controversy between Magento and Express Mobile.  Moreover, Express Mobile has filed patent infringement lawsuits against a number of other providers of website building tools.

## THE PARTIES

3.     Magento, Inc. is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 54 N. Central Ave, Suite 200, Campbell, CA 95008. Magento offers innovative eCommerce software that allows users to build and optimize online stores.

4.     On information and belief, Express Mobile, Inc. is a corporation organized under the laws of the state of Delaware, with a place of business at 700 Larkspur Landing Circle, Larkspur, CA 94939 and an agent for service of process located at 38 Washington Street, Novato, CA 94947.

## JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT

5.     This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and under the patent laws of the United States, 35 U.S.C. §§ 1-390.

6.     This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

---

[1] Solution partners are third parties that have a contractual relationship with Magento.  Through their relationship with Magento, solution partners solicit business under Magento's registered trademarks and provide services to Magento's customers in connection with the setup, customization, and operation of the different Magento software solutions.

7. An immediate, real, and justiciable controversy exists between Magento and Express Mobile as to whether Magento is infringing or has infringed the '397 and '168 patents and as to whether those patents are valid. Since July 15, 2016, Express Mobile has sued thirteen of Magento's solution partners, alleging that they infringe the '397 and '168 patents by using certain "Accused Instrumentalities." In each of those thirteen complaints, Express Mobile asserts nearly identical allegations about the manner in which the "Accused Instrumentalities" purportedly infringe the '397 and '168 patents. The "Accused Instrumentality" identified by name in each complaint is Magento's Enterprise Edition software, which includes a website building tool. Express Mobile has alleged infringement based upon the solution partners' use of "all versions" of Magento Enterprise Edition. Furthermore, each of Express Mobile's complaints against Magento's solution partners extensively references Magento user documentation as purported evidence of infringement.

8. Since April 6, 2015, Express Mobile has also pursued a number of patent infringement lawsuits against providers of website building tools. Such defendants have included Weebly, Inc.; Alibaba.com; BigCommerce, Inc.; WEBS, Inc.; Volusion LLC; and WaveMaker, Inc. Express Mobile alleged that each of those defendants directly infringed at least the '397 patent by "making, using, selling, importing and/or providing and causing to be used website-building tools" that purportedly employ that patent's claimed methods and features. On information and belief, Express Mobile is still in active litigation against BigCommerce, Inc.

9. Magento's Enterprise Edition product has not infringed and does not infringe the '397 and '168 patents either literally or under the doctrine of equivalents. Furthermore, the '397 and '168 patents are invalid under at least 35 U.S.C. §§ 101, 102, 103, and/or 112. There is accordingly a real and justiciable controversy between Magento and Express Mobile regarding non-infringement and invalidity of the '397 and '168 patents.

10. This Court has personal jurisdiction over Express Mobile. Among other things, Express Mobile has continuous and systematic business contacts with the State of California. Express Mobile's website, www.xpressmo.com, suggests that its principal place of business is in Larkspur, California. Ex. 1 (http://www.expressmo.com/about-us.html). Express Mobile is a registered corporation in California and may be served through its agent for service of process,

2
COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT AND INVALIDITY

Marcia K. Rempell, at 38 Washington Street, Novato, CA 94947.  On information and belief, Mr. Steven H. Rempell, Express Mobile's founder and Chief Executive Officer (CEO) and the sole named inventor of the '397 and '168 patents, resides in Novato, California.  Ex. 2.

11. This Court also has personal jurisdiction over Express Mobile because Express Mobile has purposefully directed its activities into California, including its patent procurement and enforcement activities.  On information and belief, Express Mobile offers "Mobile solutions for Brand and Product promotion and community building" and "Mobile solutions for Logistocs [sic], Operations and Inspections" and claims to practice the '397 and '168 patents.  Ex. 3 (http://www.expressmo.com/solutions.html); Ex. 4 (http://www.expressmo.com/technology.html).  Express Mobile invites potential customers and potential licensees to contact it at its Larkspur, CA address or San Francisco area phone number, 415-233-7222.  *See* Exs. 1 and 4.  On information and belief, Express Mobile's attorney who prosecuted the '168 patent is based in Berkeley, California.

12. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events giving rise to Magento's claims occurred in this District and because Express Mobile is subject to personal jurisdiction here.

13. For purposes of intradistrict assignment under Civil Local Rules 3-2(c) and 3-5(b), this Intellectual Property Action will be assigned on a district-wide basis.

## FACTUAL BACKGROUND

14. Founded in 2001, Magento is headquartered in Campbell, California, in this District. Magento develops and offers the world's leading platform for eCommerce innovation, with products that successfully integrate digital and physical shopping experiences.  Magento's Community Edition eCommerce software is free and open source.  Developers and tech-savvy merchants may freely modify the core code to add features and functionalities and use the platform to support their online stores.  For larger businesses, Magento offers its paid Enterprise Edition software, which contains a greater number of features.

15. Magento partners with a number of companies to provide additional technology and solution services to businesses that build their online store using Magento.  Magento's solution partners comprise a global network of eCommerce domain experts that can help businesses with

1  end-to-end project implementations including design, customization, configuration, integration, and
2  deployment. Magento solution partners solicit customer business using Magento's registered
3  trademarks and use website building tools including Magento's proprietary software to build custom
4  websites for customers.

5  16. On information and belief, Express Mobile is the assignee and owner of the right,
6  title, and interest in and to the '397 and '168 patents.

7  17. The '397 patent is titled "Browser Based Web Site Generation Tool and Run Time
8  Engine" and names Steven H. Rempell as the sole inventor. The '397 patent issued on April 8,
9  2003. A true and correct copy of the '397 patent is attached as Exhibit 5.

10 18. The '168 patent is titled "Browser Based Web Site Generation Tool and Run Time
11 Engine" and names Steven H. Rempell as the sole inventor. The '168 patent issued on September
12 22, 2009, and it is a continuation of the application from which the '397 patent also issued. A true
13 and correct copy of the '168 patent is attached as Exhibit 6.

14 19. Beginning on July 15, 2016, Express Mobile brought patent infringement actions
15 against thirteen of Magento's solution partners in the United States District Court for the Eastern
16 District of Texas. *Express Mobile, Inc. v. Jiva Infotech, Inc. d/b/a I95DEV*, Case No. 2:16-cv-00775
17 (E.D. Tex. July 15, 2016); *Express Mobile, Inc. v. Amplifi Commerce, LLC*, Case No. 2:16-cv-00811
18 (E.D. Tex. July 20, 2016); *Express Mobile, Inc. v. Digital Evolution Group, LLC*, Case No. 2:16-cv-
19 00922 (E.D. Tex. Aug. 19, 2016); *Express Mobile, Inc. v. Astound Commerce Corp.*, Case No. 2:16-
20 cv-00923 (E.D. Tex. Aug. 19, 2016); *Express Mobile, Inc. v. OSF Global Services Inc.*, Case No.
21 2:16-cv-00924 (E.D. Tex. Aug. 19, 2016); *Express Mobile, Inc. v. Blue Acorn, Inc.*, Case No. 2:16-
22 cv-01411 (E.D. Tex. Dec. 15, 2016); *Express Mobile, Inc. v. Guidance Solutions, Inc.*, Case No.
23 2:16-cv-01412 (E.D. Tex. Dec. 15, 2016); *Express Mobile, Inc. v. Coalition Technologies LLC*, Case
24 No. 2:16-cv-01413 (E.D. Tex. Dec. 15, 2016); *Express Mobile, Inc. v. Lyons Holding Co. Inc. et al.*,
25 Case No. 2:16-cv-01414 (E.D. Tex. Dec. 15, 2016); *Express Mobile, Inc. v. Alpine Consulting, Inc.*,
26 Case No. 2:17-cv-00126 (E.D. Tex. Feb. 14, 2017); *Express Mobile, Inc. v. Forix LLC*, Case No.
27 2:17-cv-00127 (E.D. Tex. Feb. 14, 2017); *Express Mobile, Inc. v. Optaros, Inc.*, Case No. 2:17-cv-
28 00129 (E.D. Tex. Feb. 14, 2017); and *Express Mobile, Inc. v. Svanaco, Inc.*, Case No. 2:17-cv-00130

(E.D. Tex. Feb. 14, 2017) (collectively, the "Solution Partner Actions" against the "Solution Partners").[2]

20. In each of the Solution Partner Actions, the allegations are nearly identical. Express Mobile's complaints allege that each of the Solution Partners directly infringes "at least" claims 1-6, 9-11, 14-15, 17, 20, 23-25, 35, and 37 of the '397 patent by "using a browser-based website and/or web page authoring tool in which the user-selected settings representing website elements are stored in a database, and in which said stored information is retrieved to generate said website (the 'Accused Instrumentalities')." *See, e.g.*, Ex. 7 ¶ 15 (true and correct copy of complaint from *Express Mobile, Inc. v. Alpine Consulting, Inc.*, Case No. 2:17-cv-00126 (E.D. Tex. Feb. 14, 2017)). The "Accused Instrumentalities" are alleged to "include but are not limited to the website building tools used" by each defendant, and the example identified by name is "all versions of Magento Enterprise Edition." *Id.* The complaints also allege that each of the Solution Partners directly infringes "at least claims 1-6" of the '168 patent by "using a browser-based website and/or web page authoring tool in which the user-selected settings representing website elements are stored in a database, and retrieval of said information to generate said website (the 'Accused Instrumentalities')." *Id.* ¶ 81.

21. Each of Express Mobile's complaints furthermore includes allegations concerning how the "Accused Instrumentalities" purportedly infringe the '397 and '168 patents. Many of these allegations cite extensively to Magento user documentation. *See, e.g.*, Ex. 7 ¶¶ 18, 21, 27, 69, 92, 97. Express Mobile has thus accused functionality in Magento's products of infringing the '397 and '168 patents.

22. Separate and apart from the Solution Partner Actions, Express Mobile has also sued a number of providers of website development tools for infringement of the '397 and '168 patents. For example, on February 27, 2017, Express Mobile filed a patent infringement complaint against BigCommerce, Inc. *See Express Mobile, Inc. v. BigCommerce, Inc.*, Case No. 2:17-cv-00160 (E.D. Tex. Feb. 27, 2017) (a true and correct copy of the complaint is attached as Exhibit 8). Express

---

[2] On information and belief, ten of the Solution Partners have settled. On information and belief, Express Mobile remains in active litigation against three Solution Partners: Alpine Consulting, Inc.; Optaros, Inc.; and Svanaco, Inc.

Mobile's complaint there alleges that BigCommerce, Inc. directly infringes "at least claims 1 through 6, 8, 9, 11, and 37" of the '397 patent "by making, using, selling, importing and/or providing and causing to be used a browser-based website and/or web page authoring tool in which the user-selected settings representing website elements are stored in a database, and in which said stored information is retrieved to generate said website (the 'Accused Instrumentalities')." Ex. 8 ¶ 21. Express Mobile's complaint also alleges that BigCommerce, Inc. directly infringes "at least claims 1 and 6" of the '168 patent by "making, using, selling, importing and/or providing and causing to be used a browser-based website and/or web page authoring tool in which the user-selected settings representing website elements are stored in a database, and retrieval of said information to generate said website (the 'Accused Instrumentalities')." *Id.* ¶ 57. Express Mobile has advanced similar allegations against other providers of browser-based website building tools including Weebly, Inc., Alibaba.com, WEBS, Inc., Volusion LLC, and WaveMaker, Inc.

23. Express Mobile's targeted lawsuits against Magento Solution Partners accuse functionality in Magento's Enterprise Edition software and have harmed Magento's business and relationships with its partners. There is accordingly an actual controversy that exists between Magento and Express Mobile regarding the alleged infringement of any claim of the '397 and '168 patents.

**MAGENTO DOES NOT INFRINGE THE '397 AND '168 PATENTS**

24. Magento's Enterprise Edition product does not directly or indirectly infringe any claim of the '397 and '168 patents, whether literally or under the doctrine of equivalents.

25. For example, Magento Enterprise Edition does not meet at least the limitations of "storing information representative of said one or more user selected settings in a database" or "generating a website at least in part by retrieving said information representative of said one or more user selected settings stored in said database," as required by claim 1 of the '397 patent.

26. As another example, Magento Enterprise Edition does not meet at least the limitation of producing "a database with a multidimensional array comprising the objects that comprise the web site including data defining, for each object, the object style, an object number, and an indication of the web page that each object is part of," as required by claim 1 of the '168 patent.

27. Because Magento Enterprise Edition does not infringe any claim of the '397 and '168 patents, no third party infringes any claim of the '397 or '168 patents based on its use of Magento's Enterprise Edition product alone. Magento has not caused, directed, requested, or facilitated any infringement of the '397 and '168 patents, much less with specific intent to do so. Magento Enterprise Edition is not designed for use in any combination that infringes any claim of the '397 and '168 patent. To the contrary, Magento Enterprise Edition has substantial uses that do not infringe any claim of the '397 and '168 patents.

## THE '397 AND '168 PATENTS ARE INVALID

28. The '397 and '168 patents are invalid under at least 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

29. The '397 and '168 patents recite the abstract idea of a browser-based website building application with a WYSIWYG[3] user interface for selecting user settings with runtime files and information stored in a database to build websites. The recited inventions are implemented using conventional computer technologies and lack any inventive concept. The '397 and '168 patents are accordingly invalid under 35 U.S.C. § 101 because they are directed to subject matter that is not eligible for patent.

30. The claims of the '397 and '168 patents are also anticipated and/or obvious under pre-AIA 35 U.S.C. §§ 102 and 103. Prior art that renders the '397 and '268 patents anticipated and/or obvious includes, but is not limited to:

- Ben Sawyer & Dave Greely, *Creating GeoCities Websites* (Muska & Lipman Publishing 1999) ("Sawyer"), publicly available on or before March 1, 1999;
- U.S. Publication No. 2002/0091725 ("Skok"), filed May 12, 1998;
- Deborah S. Ray & Eric J. Ray, *Netscape Composer for Dummies* (IDG Books Worldwide 1997) ("Ray"), publicly available on or before December 31, 1997; and

---

[3] "WYSIWYG" is an acronym for "what you see is what you get." A WYSIWYG interface is simply the idea of a user interface that allows the user to see something very similar to the end result as the document is being created.

- European Patent Application EP 0814414 A2 ("Nielsen"), published and publicly available on or before December 29, 1997.

31. For example, Sawyer is a reference book for using GeoCities website development tools. At the time of publication, the GeoCities website, www.geocities.com, was the top free home page service on the Internet. GeoCities provided a number of user-friendly website development tools through its website, including GeoCities File Manager, Intel.com Web PageWizard, EZ Editor, and GeoBuilder. Sawyer also discloses that GeoCities provided a number of tools that allowed users to use run time files to generate web sites, including adding Java applets that use information stored in a database to generate a website. Sawyer, and the GeoCities tools it discusses, thus anticipate or render obvious at least the claims of the '397 patent.

32. As another example, Skok discloses "a method and apparatus for providing content creation and management" through the Internet, so that a user can read a web page stored on a web server and, through the same browser, "contribute to that web document by adding new material or editing the data that is already part of the document." Skok "uses a web page database" to store "graphics and other images" that will be displayed on the web page. Similarly, Ray discloses an HTML editor that provides a WYSIWYG interface that offers a panel of user settings and allows users to see how their website will appear as they are creating it. The editor also includes functionality to allow a user to employ run time files, like Java applets, to generate websites. Accordingly, Skok anticipates or renders obvious at least claim 1 of the '397 patent. Claims of the '397 patent are also rendered obvious by a combination of Skok and Ray.

## FIRST CLAIM

**(Declaration of Non-Infringement of the '397 Patent)**

33. Magento restates and incorporates by reference the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

34. Express Mobile claims to own all rights, title, and interest in the '397 patent.

35. As set forth above, an actual controversy exists between Magento and Express Mobile with respect to infringement of the '397 patent. This controversy is amenable to specific relief through a decree of a conclusive character.

36. Magento has not infringed and does not infringe any claim of the '397 patent, either directly or indirectly, literally or under the doctrine of equivalents, including by providing, making, using, offering for sale, or selling Magento Enterprise Edition.

37. Magento is entitled to a judicial declaration that the providing, making, using, offering for sale, or selling of Magento Enterprise Edition has not, does not, and will not infringe, directly or indirectly, any valid claim of the '397 patent.

## SECOND CLAIM

**(Declaration of Invalidity of the '397 Patent)**

38. Magento restates and incorporates by reference the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

39. Express Mobile claims to own all rights, title, and interest in the '397 patent.

40. As set forth above, an actual controversy exists between Magento and Express Mobile concerning the validity of the '397 patent. This controversy is amenable to specific relief through a decree of a conclusive character.

41. The claims of the '397 patent are invalid for failure to comply with the statutory prerequisites of pre-AIA 35 U.S.C. §§ 101, 102, 103, and/or 112.

42. Magento is entitled to a judicial declaration that the claims of the '397 patent are invalid.

## THIRD CLAIM

**(Declaration of Non-Infringement of the '168 Patent)**

43. Magento restates and incorporates by reference the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

44. Express Mobile claims to own all rights, title, and interest in the '168 patent.

45. As set forth above, an actual controversy exists between Magento and Express Mobile with respect to infringement of the '168 patent. This controversy is amenable to specific relief through a decree of a conclusive character.

46. Magento has not infringed and does not infringe any claim of the '168 patent, either directly or indirectly, literally or under the doctrine of equivalents, including by providing, making, using, offering for sale, or selling Magento Enterprise Edition.

47. Magento is entitled to a judicial declaration that the providing, making, using, offering for sale, or selling of Magento Enterprise Edition has not, does not, and will not infringe, directly or indirectly, any valid claim of the '168 patent.

## FOURTH CLAIM

**(Declaration of Invalidity of the '168 Patent)**

48. Magento restates and incorporates by reference the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

49. Express Mobile claims to own all rights, title, and interest in the '168 patent.

50. As set forth above, an actual controversy exists between Magento and Express Mobile concerning the validity of the '168 patent. This controversy is amenable to specific relief through a decree of a conclusive character.

51. The claims of the '168 patent are invalid for failure to comply with the statutory prerequisites of pre-AIA 35 U.S.C. §§ 101, 102, 103, and/or 112.

52. Magento is entitled to a judicial declaration that the claims of the '168 patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Magento prays for judgment and relief as follows:

A. Declaring that Magento Enterprise Edition and any solution partners using Magento Enterprise Edition have not infringed, do not infringe, and will not infringe any valid claim of the '397 patent;

B. Declaring that all claims of the '397 patent are invalid;

C. Declaring that Magento Enterprise Edition and any solution partners using Magento Enterprise Edition have not infringed, do not infringe, and will not infringe any valid claim of the '168 patent;

D. Declaring that all claims of the '168 patent are invalid;

E.   Declaring this an exceptional case in favor of Magento pursuant to 35 U.S.C. § 285;

F.   Awarding Magento its costs and attorneys' fees in connection with this action; and

G.   Awarding Magento such other and further relief as the Court deems just and proper.

## JURY DEMAND

Magento demands a jury trial on all issues and claims so triable.

Dated: May 5, 2017

SIDLEY AUSTIN LLP

By: /s/ Michael J. Bettinger
      Michael J. Bettinger

Michael J. Bettinger (SBN 122196)
mbettinger@sidley.com
Irene Yang (SBN 245464)
irene.yang@sidley.com
Sue Wang (SBN 286247)
sue.wang@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California  94104-1715
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

Attorneys for Magento, Inc.