UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| X.COMMERCE, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>EXPRESS MOBILE, INC.,<br><br>　　　　Defendant. | Case No. 17-cv-02605-RS<br><br>**ORDER GRANTING LEAVE TO AMEND INFRINGEMENT CONTENTIONS, DENYING MOTION TO STRIKE, WITHOUT PREJUDICE, AND CONTINUING CASE MANAGEMENT CONFERENCE** |
|---|---|

In this action, plaintiff X.Commerce, Inc., which does business as "Magento," seeks declaratory relief that its products do not infringe certain patents held by defendant Express Mobile, Inc., and/or that the relevant claims of the patents are invalid. Express Mobile now moves for leave to amend its infringement contentions. The motion has been submitted without oral argument pursuant to Civil Local Rule 7-1(b), and will be granted.

Local Patent Rule 3-6 provides:

> Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause. Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include:
>
> (a)  A claim construction by the Court different from that proposed by the party seeking amendment;

      (b)  Recent discovery of material, prior art despite earlier diligent search; and

      (c)  Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

Here, Express Mobile relies primarily on paragraph (c), asserting that it only obtained relevant, nonpublic, information about Magento's products after various delays in discovery production, for which it faults Magento. Magento, in turn, insists that Express Mobile was not diligent in seeking discovery or in reviewing materials that were produced, and that there was no barrier to asserting some of the theories it now advances earlier in the litigation, independent of any discovery issues.

As discussed at the hearing on Magento's motion to strike portions of the expert report of Dr. Hernandez, Express Mobile's approach to crystalizing its infringement contentions has not been entirely consistent with the local rules. While Express Mobile may have been attempting in good faith to provide as much information as it could on an ongoing basis, the rules are "designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *O2 Micro Int'l Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1366 n.12 (Fed. Cir. 2006). Thus, ordinarily, "infringement contentions should become more specific and fine-tuned as the case progresses, not more sprawling and encompassing." *Apple Inc. v. Samsung Elecs. Co.*, 2013 WL 3246094, at *3 (N.D. Cal. June 26, 2013).

That said, there remains an interest in resolving cases on the merits, rather than as the result of procedural defaults. Additionally, much of the parties' present dispute over whether there is good cause to permit the amendments turns on their respective, and conflicting, assertions as to what information Express Mobile actually needed to have in hand regarding various Magento products to advance the new theories that are included in this motion. While those technical issues are not well-suited for resolution in motion practice under Rule 3-6, some deference must be given

to Express Mobile's own assessments of what information it required to develop its theories.

In short, while Express Mobile has already been advised that its compliance with the rules regarding infringement contentions fell somewhat short, and while the matter is not free from doubt, it has made an adequate showing that good cause exists for the amendments it now seeks to make.[1] No undue prejudice appears.

The expectation is that no further evolution of the theories and claims will be permitted, except that contentions may be narrowed or abandoned as warranted. Magento's previously submitted motion to strike is denied without prejudice to renewing such objections that may remain in light of any supplemental expert reports and the amended infringement contentions. The parties are directed to meet and confer prior to any such motion in an attempt to narrow the scope of their disputes. The sealing requests filed in connection with this motion are granted. The further Case Management Conference is continued to April 2, 2020, with a joint statement to be filed one week in advance.

**IT IS SO ORDERED**.

Dated: March 10, 2020

RICHARD SEEBORG
United States District Judge

---

[1] Magento did not oppose certain amendments.